UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET JOHNS,<br><br>Plaintiff,<br><br>v.<br><br>KIMBALL, TIREY & ST. JOHN, LLP, et al.,<br><br>Defendant. | Case No. 2:25-cv-03576-DC-CKD (PS)<br><br>ORDER<br><br>(ECF No. 5) |

Pending before the Court is Defendant Kimball, Tirey, & St. John LLP's motion to dismiss the Complaint. [1]  (ECF No. 5.) Plaintiff Margaret Johns is appearing without counsel. Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the March 4, 2026 hearing.

For the reasons that follow, the Court GRANTS Defendant Kimball, Tirey & St. John LLP's motion to dismiss with leave to amend.

/////

/////

/////

/////

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.    BACKGROUND

### A.    Factual Allegations[2]

The Complaint alleges that Defendants "provided false and derogatory information to consumer credit reporting agencies Equifax, Trans Union, and Experian." (ECF No. 1 at 5.) Plaintiff further alleges that Defendants "failed to report the collection amount was in dispute…" while also "provid[ing] an itemized account statement which contained fees and balances for services not delivered." *Id*. Plaintiff also alleges that Defendants' actions resulted in "derogatory and inaccurate information being provided as part of a pre-employment background check which included a consumer credit report." *Id*. at 6. Plaintiff also alleges Defendants' actions led to a consumer credit denial by Chase Bank. *Id*. at 6.

### B.    Procedural Posture

On December 11, 2025, Plaintiff Margaret Johns filed a Complaint against Defendants Kimball, Tirey & St. John, LLP and Huntington Square, LLC. (ECF No. 1.) Defendant Kimball, Tirey & St. John, LLP filed a motion to dismiss on January 14, 2026, with a hearing scheduled for March 6, 2026. (ECF No. 5.) On January 20, 2026, District Judge Dena M. Coggins issued a minute order finding the motion defective and ordered Defendant re-notice the motion before the undersigned. (ECF No. 6.) On January 26, 2026, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 7.) On January 28, 2026, the undersigned issued a minute order setting a motion hearing for March 4, 2026. (ECF No. 8.) On February 27, 2026, the undersigned ordered the hearing submitted without appearance and vacated the hearing date. (ECF No. 9.)

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure

---

[2] These facts primarily derive from the Complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the Complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B.      Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the Court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**III.    DISCUSSION**

Defendant Kimball, Tirey & St. John, LLP filed a motion to dismiss arguing that the Complaint fails to satisfy federal pleading standards by failing to state a claim under Federal Rule of Civil Procedure 8, or in the alternative, requesting the Court order Plaintiff to provide a more definite statement. (ECF No. 5.) The Court agrees that Plaintiff has failed to state a claim upon which relief could be granted and will grant Defendant's motion to dismiss with leave to amend.

**A.      Pleading Deficiencies**

Plaintiff alleges the action has federal question jurisdiction under the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), citing 15 U.S.C. § 1601. (ECF No. 1 at 4.) However, Plaintiff fails to identify how Defendants violated FACTA, or which sections within the statute Defendants violated. *See* ECF No. 5. Plaintiff appears to allege Defendants violated

3

"Part 660" of 15 U.S.C. § 1601. (ECF No. 1 at 5.) Upon review, the Court is unable to identify where "Part 660" is in FACTA. Plaintiff fails to "give defendant fair notice of what the [Plaintiff's] claim is and the grounds upon which it rests." *Madlaing v. JPMorgan Chase Bank, N.A.*, 2013 WL 2403379, at *21 (E.D. Cal. May 31, 2013) (dismissing a TILA claim for failing to allege how defendants violated various statutes and regulations). Therefore, the Court grants Defendant's motion to dismiss.

### B.     Leave to Amend

If the Court finds that a complaint or claim should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. *See Davis v. Miranda*, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020).  Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)).

If Plaintiff chooses, the Court grants Plaintiff an opportunity to amend the Complaint. An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

### IV.   CONCLUSION

Based upon the findings above, it is ORDERED:

1.     Defendant Kimball, Tirey & St. John, LLP's motion to dismiss (ECF No. 5) IS GRANTED with leave to amend; and

/////

/////

/////

////

/////

2.      Plaintiff shall have thirty (30) days from the date of this order to file a First Amended Complaint. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated:  May 4, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, john.25cv3576

5